NO. 07-07-0077-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 29, 2009

______________________________


DELMER URBANCZYK, APPELLANT

v.

MARVIN URBANCZYK AND JANET URBANCZYK, APPELLEES

_________________________________

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 9854; HON. DAVID M. McCOY, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Delmer Urbanczyk sued his brother Marvin Urbanczyk and sister-in-law
Janet Urbanczyk, and two brokerage firms, Edward D. Jones & Co., L.P., and A.G. Edwards
& Sons, Inc., for various torts and declaratory relief arising from the handling of an account
jointly owned by Delmer, his mother Isabel Urbanczyk, and his brother Arnold Urbanczyk.


 
The claims against Edward Jones and A.G. Edwards were referred to arbitration and later
severed from this case. The trial court granted Marvin and Janet a summary judgment on
the ground that all of Delmerâs causes of action were barred by limitations. Asserting the
discovery rule and fraudulent concealment preserved his claims, Delmer appeals. Finding
the discovery rule and fraudulent concealment inapplicable, we affirm.
Background 
Â Â Â Â Â Â Â Â Â Â When a summary judgment is based on the pleadings, we assume the truth of all
factual allegations in the non-movantâs pleading. Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994). We therefore summarize the salient facts alleged by Delmer.
Â Â Â Â Â Â Â Â Â Â In 1989, an account was established with Edward Jones in the name of Delmer,
Isabel and Arnold as âjoint tenants in common with right of survivorship.â In part, the joint
account was created for the care of Arnold, should a need arise. A portion of the funds in
the joint account were contributed by Delmer. The mailing address on the joint account was
a post office box belonging to Isabel. In 2000, Isabel suffered a stroke. A temporary
guardian was appointed and she moved to a nursing home. Delmer does not believe his
mother regained âfull capacity.â 
Â Â Â Â Â Â Â Â Â Â In February and March 2001, assets of the joint account were transferred into an
account owned exclusively by Isabel. Delmerâs pleadings and summary judgment evidence
are to the effect that signatures of Delmer, Isabel and Arnold authorizing the transfers were
forged, and that Marvin and Janet orchestrated the transfers, without Delmerâs consent or
knowledge. During 2002, Isabel granted Marvin and Janet a statutory durable power of
attorney. Also, in November 2002, Arnold died. The funds originating in the joint account
were subsequently moved to A.G. Edwards and ultimately placed in accounts owned by
Isabel, Marvin and Janet. 
Â Â Â Â Â Â Â Â Â Â At a May 2004 meeting with Edward Jones, Delmer learned of the transfer of the
funds to A.G. Edwards and that he was no longer named on the account. In August 2004,
Delmer discovered forged signatures were used to transfer funds from the joint account. 
Isabel died in April 2006. 
Â Â Â Â Â Â Â Â Â Â Delmer filed the present suit in May 2006 seeking damages against Marvin and Janet
for conversion and tortious interference with inheritance rights. He also sought declaratory
and injunctive relief. Marvin and Janet answered by general denial and affirmatively plead
the applicable statute of limitations barred all of Delmerâs claims. Delmer amended his
petition adding causes of action against Marvin and Janet for breach of fiduciary duty, fraud,
and unjust enrichment and interposed the discovery rule and fraudulent concealment in
response to their limitations defense. Marvin and Janet filed a traditional motion for
summary judgment on Delmerâs live petition contending that from the face of the document
all claims alleged were barred by limitations and the discovery rule lacked application
because as a matter of law Delmerâs claims were not inherently undiscoverable. Delmer
filed a response with supporting evidence, arguing the discovery rule and fraudulent
concealment in avoidance of the limitations claim. The trial court granted the motion of
Marvin and Janet and severed Delmerâs claims against the brokerage firms. The court
denied Delmerâs motion for new trial and this appeal followed. 
Issue
Delmer presents the following single issue:
Whether Defendants negated as a matter of law both Plaintiffâs assertions of
the discovery rule and of fraudulent concealment in order to establish
Defendantsâ defense of limitations in order to justify summary judgment in
their favor as entered by the Trial Court. 
Â Â Â Â Â Â Â Â Â Â We review the granting of a traditional summary judgment motion de novo, applying
familiar standards: 
Â Â Â Â Â Â Â Â Â Â A.Â Â Â Â Â Â Â The movant for summary judgment has the burden of showing
that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law.

B.In determining whether there is a disputed issue of material fact
precluding summary judgment, evidence favorable to the non-movant will be taken as true.

C.Every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor.
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
Â Â Â Â Â Â Â Â Â Â A defendant moving for summary judgment on the affirmative defense of limitations
must conclusively establish the defense. KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). Accordingly, it is for the defendant (1) to
conclusively prove when the cause of action accrued, and (2) negate the discovery rule, 
if pleaded and applicable, by proving as a matter of law there is no genuine issue of
material fact about when the plaintiff discovered, or in the exercise of reasonable diligence
should have discovered, the nature of his injury. Id. If the movant establishes the statute
of limitations bars the action, the non-movant must then adduce summary judgment proof
raising a fact issue. Id. Here the parties agree that Delmerâs claims are subject to two- or
four-year limitations periods. Their disagreement lies with the applicability of the discovery
rule and fraudulent concealment.
Discovery Rule
Â Â Â Â Â Â Â Â Â Â Unlike the tolling feature of fraudulent concealment, the discovery rule defers accrual
of a cause of action until the plaintiff knows, or through the exercise of reasonable diligence,
should know of facts giving rise to the cause of action. Computer Assoc. Int'l, Inc. v. Altai,
Inc., 918 S.W.2d 453, 455 (Tex. 1996). The discovery rule is âa very limited exception to
statutes of limitations,â and applies only when the plaintiffâs injury is both (1) inherently
undiscoverable, and (2) objectively verifiable. Id. at 455-56. An injury is inherently
undiscoverable if, by its nature, it is unlikely to be discovered during the applicable limitation
period despite the exercise of due diligence. S.V. v. R.V., 933 S.W.2d 1, 7 (Tex. 1996)
(citing Altai, 918 S.W.2d at 456). The question is not whether the particular injury was
actually discovered by the claimant within the limitation period, but whether âit was the type
of injury that is generally discoverable by the exercise of reasonable diligence.â HECI
Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998); see Conoco, Inc. v. Amarillo
Nat'l Bank, 14 S.W.3d 325, 328 (Tex. App.âAmarillo 2000, no pet.) (finding rule inapplicable
in case alleging conversion of collateral). In other words, whether the discovery rule applies
is determined âcategorically.â HECI Exploration, 982 S.W.2d at 886.
Â Â Â Â Â Â Â Â Â Â The type of injury Delmerâs suit against Marvin and Janet alleges is their
unauthorized transfer of assets from a brokerage account of which Delmer was joint owner.
We see nothing about such an injury to make it inherently undiscoverable. Even where, as
here, the injured account co-owner does not receive account statements, the fact that
assets have been transferred from the account without his authorization is readily
discoverable. A simple request to review an account statement, addressed to the co-owner
who receives the statements or to the brokerage firm itself, should bring the unauthorized
transfer to light. The discovery rule is reserved for the types of injuries not ordinarily
discoverable, even though due diligence has been used. Altai, 918 S.W.2d at 456. 
Â Â Â Â Â Â Â Â Â Â Delmer points to the specifics of this particular brokerage account, noting only his
motherâs address was listed on the account and it required the signatures of all three
account holders to effect a transfer of assets from the account. But Delmerâs argument
ignores the requirement that discovery-rule analysis focus on the type of injury. See, e.g.,
HECI Exploration, 982 S.W.2d at 886 (discussing Altai, 918 S.W.2d at 457, noting that trade
secret misappropriation âgenerallyâ is capable of detection within the time allotted for
bringing suit, although the particular injury may not have been discovered). The discovery
rule does not excuse a party from exercising reasonable diligence in protecting its own
interests. Pitman v. Lightfoot, 937 S.W.2d 496, 510 (Tex.App.âSan Antonio 1992, no writ). 
We find the injury Delmer alleges was not inherently undiscoverable, and the discovery rule
has no application.
Â 
Fraudulent Concealment
Â Â Â Â Â Â Â Â Â Â A defendant who by conduct or legal relationship is under a duty of disclosure and
who fraudulently conceals the existence of a cause of action from the party to whom he
owes the duty, is estopped from relying on the defense of the statute of limitations until the
other party learns of the cause of action or should have learned of its existence through the
exercise of reasonable diligence. Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). 
âThe elements of fraudulent concealment are: (1) the existence of the underlying tort; (2)
the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the
tort; and (4) the plaintiff's reasonable reliance on the deception.â Mitchell Energy Corp. v.
Bartlett, 958 S.W.2d 430, 439 (Tex.App.âFort Worth 1997, pet. denied); see HECI
Exploration, 982 S.W.2d at 886. The defendantâs deception occurs through âactive
suppression of the truth or failure to disclose when the defendant is under a duty to
disclose.â Bartlett, 958 S.W.2d at 439. A plaintiff relying on fraudulent concealment must
have reasonably relied on the defendantâs active misrepresentations or, if applicable, its
silence. Bartlett, 958 S.W.2d at 439. However, reliance becomes unreasonable, and the
tolling period ends, once the plaintiff knows or should know of the concealment. Id. If the
movant of a traditional motion for summary judgment on the statute of limitations
conclusively proves entitlement to this affirmative defense, the non-movant, alleging
fraudulent concealment, must present competent summary judgment evidence establishing
an issue of fact on each element of fraudulent concealment. See KPMG Peat Marwick, 988
S.W.2d at 749.
Â Â Â Â Â Â Â Â Â Â Delmer argues that the artifice Marvin and Janet employed to conceal the conversion
of the joint account proceeds was delivery to Edward Jones of documents bearing the
forged signatures of Delmer, Isabel and Arnold. But that argument simply describes the
underlying tort of conversion. It does not describe active misrepresentations to conceal the
tort, nor Delmerâs reasonable reliance on the representations. The presentation of forged
signatures was the means of the underlying conversion, not the means of its concealment.
Â Â Â Â Â Â Â Â Â Â In a variation on the same argument, Delmer attempts to raise a fact issue on the
misrepresentation and reliance elements by contending that Marvin and Janet effectively
deceived him through their deception of Edward Jones, so that it allowed transfer of funds
from the joint account without Delmerâs authorization. Further, he asserts, neither Edward
Jones nor Marvin and Janet disclosed the wrongful transaction to Delmer. Delmer says he
relied on the silence of Edward Jones, and that of Marvin and Janet, to his injury. 
Â Â Â Â Â Â Â Â Â Â We find there is no evidence that Edward Jones stood in Delmerâs shoes vis-a-vis
any fraudulent representations perpetrated by Marvin and Janet and concerning the joint
account. Cf. Sterling Trust Co. v. Adderley, 168 S.W.3d 835, 847 (Tex. 2005). Further, we
see no evidence in the summary judgment record of conduct by or a legal relationship in
Marvin and Janet creating a duty in them to disclose to Delmer the February and March
2001 transfers of funds from the joint account. See Hoggett v. Brown, 971 S.W.2d 472, 487
(Tex. App.âHouston [14th Dist.] 1997, pet. denied) (listing situations giving rise to duty to
disclose); Ralston Purina Co. v. McKendrick, 850 S.W.2d 629, 633 (Tex.App.âSan Antonio
1993, writ denied) (existence of duty to disclose information is a question of law).
Â Â Â Â Â Â Â Â Â Â Finally, as we have noted, the facts which Delmer alleges were fraudulently
concealed from him were readily discoverable through the exercise of reasonable diligence. 
We conclude there is no summary judgment evidence raising an issue of fact on fraudulent
concealment. Accordingly, we overrule Delmerâs appellate issue.
Â Â Â Â Â Â Â Â Â Â In a motion we have carried with the case, Marvin and Janet seek our imposition of
an unspecified sanction on Delmer. The motion is denied.
Â Â Â Â Â Â Â Â Â Â Having overruled Delmerâs appellate issue, we affirm the judgment of the trial court.
Â 


James T. Campbell

Justice




ily:"Arial","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0229.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0229.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0229.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0229.cr%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0229.cr%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-00229-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL C

Â 



MARCH
14, 2011

Â 



Â 

WILLIAM EARNEST KIRKHAM, JR., APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 31ST DISTRICT COURT OF HEMPHILL
COUNTY;

Â 

NO. 2702; HONORABLE STEVEN RAY EMMERT, JUDGE



Â 



Â 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Appellant, William Earnest Kirkham,
Jr., was convicted of theft of property of the value of $1,500 and less than
$20,000,[1]
enhanced for punishment by proof of two prior felony convictions.[2]Â  Appellant was sentenced to serve 18 years in
the Institutional Division of the Texas Department of Criminal Justice.Â  Appellant has appealed the judgment of the
trial court.Â  We affirm.

Â Â Â Â Â Â Â Â Â Â Â  Appellant=s attorney has filed an Anders
brief and a motion to withdraw.Â  Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).Â  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal
can be predicated.Â  Id.
at 744-45.Â  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment.Â 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this matter.Â  Stafford v. State,
813 S.W.2d 503, 510 (Tex.Crim.App. 1991).Â  The court has also advised appellant of his
right to file a pro se response.Â 
Appellant has not filed a response.

By his Anders
brief, counsel raises grounds that could possibly support an appeal, but
concludes the appeal is frivolous.Â  We
have reviewed these grounds and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an
appeal.Â  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).Â  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel=s motion to withdraw is hereby
granted and the trial court=s judgment is affirmed. [3]


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Do
not publish.Â  

Â 











[1] See Tex.
Penal Code Ann. Â§ 31.03(a)
(West Supp. 2010).

Â 





[2] See Tex.
Penal Code Ann. Â§ 12.42(a)(2) (West Supp. 2010).





[3]Counsel shall, within five days after
this opinion is handed down, send his client a copy of the opinion and
judgment, along with notification of appellant=s right to file a pro se petition for discretionary
review.Â  See Tex. R. App. P. 48.4.